UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| VICTOR A. SALAZAR, JR., | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:11-CV-0197 WL |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Petitioner Victor Salazar, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a loss of earned credit time in a prison disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Salazar asserts that the Disciplinary Hearing Officer violated his due process rights in the disciplinary proceeding that led to the deprivation of earned credit time. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary

evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Salazar alleges that the disciplinary hearing officer "failed to give reasonable written explanation concerning exculpatory evidence" (DE 1 at 3). He states that he told the hearing officer that he was "a range tender, having the privilege to come out [of] his cell from 7 a.m. - 2 p.m., excluding count time," so why "would [he] tamper with his lock, which offenders tamper with their locks to pop open their door at their discretion, when Salazar had that privilege already" (DE 1 at 4) but the hearing officer did not explain why she discounted this exculpatory testimony.

When reviewing habeas petitions dealing with prison disciplinary hearings, Federal Courts do not second guess the hearing officer's determinations of credibility by conducting an independent assessment of witness credibility or re-weighing the evidence. *Superintendent v. Hill,* 472 U.S. at 455-56. A disciplinary hearing board only needs "some evidence" to find a prisoner guilty. *Id.* at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board" (*Id.* at 457). The relevant question is "whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. White*, 188 F.3d 784, 786 (7th Cir. 1999), quoting *Superintendent v. Hill*, 472 U.S. at 455-456. Even

2

"meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary" (*Id.*). This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), *citing Hill*, 472 U.S. at 457, and *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989). Because the hearing officer was not required to explain why she discounted the Petitioner's exculpatory evidence, and found him guilty based on other evidence, the Court will not allow Salazar to proceed on the claim presented in ground one of his petition.

In ground two of his petition, Salazar asserts that the hearing officer "deprived Salazar of presenting documentary evidence and witnesses to present the best defense against the charge" of tampering with his lock (DE 1 at 4). Giving the Petitioner the benefit of the inferences he is entitled to at this stage of the proceedings, this ground may state a claim upon which relief may be granted.

In ground three of his petition, Salazar presents two claims: that he was denied an impartial decision maker, and that the hearing officer found him "guilty and or sanctioned him disparately based on his color or race alone" (DE 1 at 5). Regarding the Petitioner's claim that he was denied an impartial decision-maker, adjudicators in the prison disciplinary setting are entitled to a "presumption of honesty and integrity," and the constitutional standard for impermissible bias is high. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003). Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges also serve on the

3

disciplinary board. *Id.* at 767; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995). But Salazar does not assert that the hearing officer was involved in the underlying charge, rather he appears to complain that the hearing officer did not give sufficient deference to his exculpatory arguments. In any event, Salazar has not established the type of bias that would violate the Due Process Clause. *See Whitford*, 63 F.3d at 534. Accordingly, the Court will deny him leave to proceed on his claim that the hearing officer was not impartial. The Court will, however, allow the Petitioner to proceed on his equal protection claim of disparate treatment.

For the foregoing reasons, the court:

(1) GRANTS the Petitioner leave to proceed on his claim in ground two of his petition that the hearing officer deprived him of documentary evidence and witnesses and on the portion of claim three asserting that the hearing officer violated the Fourteenth Amendment's equal protection clause;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES ground one of the petition and the portion of ground three of his petition in which the Petitioner asserts that he was denied an impartial hearing officer; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on June 28, 2011

                                               s/William C. Lee
                                              William C. Lee, Judge

United States District Court