UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR A. SALAZAR, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:11-CV-0197 WL |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Victor Salazar, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a loss of earned credit time in a prison disciplinary hearing. The Court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, granted the Petitioner leave to proceed on his claim in ground two of his petition that the hearing officer deprived him of the right to present evidence and on the portion of claim three asserting that the hearing officer violated the Fourteenth Amendment's Equal Protection clause. The Court dismissed ground one of the petition and the portion of ground three of his petition in which the Petitioner asserted that he was denied an impartial hearing officer.[1]

On February 10, 2011, Correctional Officer J. Chavez wrote a conduct report charging the Petitioner with the offense of tampering with a locking device (DE 12-1). The Conduct Report states that:

---

[1] In his traverse, the Petitioner suggests that the Court allowed him to proceed on his claim that he was "denied a reasonable written explanation concerning exculpatory evidence" (DE 19 at 5). But a review of the Court's Rule 4 order (DE 7) establishes that the Court found that claim to be without merit and explicitly denied Salazar leave to proceed on that claim.

> On 02/10/11 @ approx (sic) 10:48 a.m., I Off. J. Chavez had performed a routine check of the range boxes ensuring the lights were displaying a green 'secure' status. Upon viewing Offender Salazar's cell light (DOC #128745) it displayed unsecure. Upon checking his door light, I discovered a metal object jammed in it.

DE 12-1.

The Petitioner was screened the next day, pled not guilty, requested Officer C. Bent, Sergeant S. Day and Counselor Brown as witnesses, and requested the "law library log showing the times" he was there and the "pass log" as physical evidence (DE 12-2). On February 18, 2011, a hearing officer conducted a disciplinary hearing, found Salazar guilty of tampering with a locking device, and imposed as sanctions a thirty-day loss of commissary privileges and a thirty day earned credit time deprivation (DE 12-7). The Petitioner unsuccessfully appealed to the Facility Head (DE 12-8) and then to the Indiana Department of Correction Final Reviewing Authority Response (DE 12-9).

Salazar asserts that the hearing officer violated his due process rights and that as a result he lost earned credit time. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground two of his petition, Salazar asserts that the hearing officer "deprived Salazar of presenting documentary evidence and witnesses to present the best defense against the charge" of tampering with his lock (DE 1 at 4). Among the basic requirements of due process in prison disciplinary proceedings is the opportunity for the inmate to call witnesses and present evidence in his defense. *Wolff v. McDonnell*, 418 U.S. at 563-567. When he was screened, Salazar was afforded the opportunity to request witnesses, and he requested Officer C. Bent, Sergeant S. Day and Counselor Brown as witnesses. These officials submitted statements which are part of the record in this case and which were considered by the hearing officer in this case (DE 12-3 12-4, 12-5, and 12-7).

In his petition, Salazar asserts that he "was deprived of Officer Bent's statement confirming that I asked her to ask Sgt. Day to go to early chow to eat before going to court by telephone" (DE 1 at 4). The record establishes that Officer Bent did provide a statement, though it did not contain all of the information Salazar hoped for. Accordingly, the hearing officer did not deny Salazar's request for a witness statement

Moreover, as he explains in his petition, Salazar wanted Officer Bent to verify a request he made to Sergeant Day. The record contains a statement from Sergeant Day herself, verifying that Salazar had a pass to the law library for 7:00 until 9:40 a.m. on the morning of the incident (DE 12-5). Thus, the request to Sergeant Day was confirmed in her statement, which was part of the evidence considered by the hearing officer. A statement from Officer Bent confirming Salazar's request to Sergeant Day would have been cumulative and repetitive.

Prison disciplinary boards may decline to hear witnesses whose testimony would be irrelevant or repetitive. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). In habeas corpus cases, a due process error is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432 (1995).

Any error dealing with the testimony of Officer Bent is harmless because the additional evidence Salazar sought from her was already in the record via Sergeant Day's statement. An additional statement from Officer Bent confirming Salazar's request to Sergeant Day would have been repetitive of Sergeant Day's statement and would not have had an effect on the outcome of the proceeding.

In ground two of his petition, Salazar also asserts that he "was not made aware that Ofc. Bent received a statement from an offender admitting that he tampered with Salazar's lock" (DE 1 at 4). According to Salazar, Officer Bent gave this statement to Officer Chavez who "misplaced or lost it" (*Id.*). Assuming that such a statement ever existed, the hearing officer did not violate Salazar's due process rights because the alleged statement was never brought to her attention. Moreover, Salazar did not raise this alleged statement in his appeal to the Superintendent of the Indiana State Prison (DE 128-8).

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise an issue on appeal to the Indiana Department of Correction's final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Because Salazar did not present his claim that an unidentified inmate admitted tampering with Salazar's lock in his administrative appeal, this Court will not address that claim.

In ground three of his petition, Salazar asserts that the hearing officer found him "guilty and or sanctioned him disparately based on his color or race alone" (DE 1 at 5). The Respondent argues that equal protection claims are not cognizable in habeas review of prison disciplinary hearings, but the Seventh Circuit has held that a habeas petitioner may challenge the result of a prison disciplinary hearing as violating the Equal Protection Clause. *See Sango v. Zurich*, 681 F.2d 1091, 1104 (7th Cir.1982) (finding that an inmate "must demonstrate intentional or purposeful discrimination" to show equal protection violation); *see also Hester v. McBride*, 966 F.Supp. 765, 774 (N.D. IND 1997) (To show an equal protection violation, "Hester must establish that the prison acted with an intentional or purposeful discriminatory motive when sanctioning him in order to prevail on his claim").

In the alternative, the Respondent argues that even if an equal protection claim is cognizable in habeas corpus, Salazar does not have a valid equal protection claim. The Fourteenth Amendment's Equal Protection Clause provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws." The Equal Protection clause directs that "all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). But a mere inconsistency in the operation of a prison does not, in itself, constitute a denial of equal protection. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

Salazar states that he is a Mexican-American and that two Anglo inmates, who were charged with the same offense as he was, and appeared before the same hearing officer as he did, received a lesser sanction than he did (DE 1 at 5). According to Salazar, the two

5

Anglo inmates pled guilty, while Salazar pled not guilty and was found guilty at the hearing. The Superintendent denied this claim in his institutional appeal because the sanctions imposed by the hearing officer were within the Indiana Department of Correction's sentencing guidelines for the offense (DE 1 at 6).

In his traverse, Salazar concedes that "the difference" between himself and the other two inmates " is that Salazar plead not guilty" (DE 19 at 13). He suggests that the fact that the other two inmates pled guilty indicates that they were more culpable than he was, and therefore should logically have received more severe sentences than he did (DE 1 at 6, DE 19 at 13-14). But it is a well recognized principle in criminal and prison disciplinary proceedings that a person may plead guilty and obtain a sentence, usually lower than what he would probably receive if he went to trial. A person who pleads not guilty and goes to trial is not similarly situated to a person who pleads guilty and receives more lenient treatment. That a person who pleads not guilty, goes to trial, and receives a stiffer sentence than a person who pled not guilty to the same offense simply does not implicate the Constitution's Equal Protection Clause.

For the foregoing reasons, the court the court DENIES this petition for writ of habeas corpus and DIRECTS the clerk to close this case.

SO ORDERED on May 11, 2012

 s/William C. Lee  
William C. Lee, Judge  
United States District Court