UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR A. SALAZAR, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:11-CV-0197 WL |
| | ) |
| SUPERINTENDENT, INDIANA | ) |
| STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Victor Salazar, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a loss of earned credit time in a prison disciplinary hearing. The Court dismissed portions of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and granted the Petitioner leave to proceed on his claim in ground two of his petition that the hearing officer deprived him of the right to present evidence and on the portion of ground three asserting that the hearing officer violated the Fourteenth Amendment's Equal Protection clause (DE 7). The Court eventually denied relief on grounds two and three (DE 21). Salazar has filed a motion to correct error pursuant to Fed. R. Civ. P. 59(e) and/or to have the Court reconsider its denial of habeas relief (DE 23), which the Court construes as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an

> extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (Citations omitted).

On February 10, 2011, Correctional Officer J. Chavez wrote a conduct report charging Salazar with the offense of tampering with a locking device (DE 12-1). The Conduct Report states that:

> On 02/10/11 @ approx (sic) 10:48 a.m., I Off. J. Chavez had performed a routine check of the range boxes ensuring the lights were displaying a green 'secure' status. Upon viewing Offender Salazar's cell light (DOC #128745) it displayed unsecure. Upon checking his door light, I discovered a metal object jammed in it.

DE 12-1.

On February 18, 2011, a hearing officer conducted a disciplinary hearing, found Salazar guilty of tampering with a locking device, and imposed as sanctions a thirty-day loss of commissary privileges and a thirty day earned credit time deprivation (DE 12-7). Salazar unsuccessfully appealed to the Facility Head (DE 12-8) and then to the Indiana Department of Correction Final Reviewing Authority Response (DE 12-9).

In ground two of his petition, Salazar asserted that he "was not made aware that Ofc. Bent received a statement from an offender admitting that he tampered with Salazar's lock" (DE 1 at 4). According to Salazar, Officer Bent gave this statement to Officer Chavez who "misplaced or lost it" (*Id*.). Salazar states in his traverse that Officer Bent and Officer Chavez had both been fired for reasons not related to his case by the time he learned that a possibly exculpatory statement may have been in their possession (DE 19 at 8). This Court

concluded that even assuming that such a statement ever existed, the hearing officer did not violate Salazar's due process rights because the alleged statement was never brought to her attention either by Salazar or by prison officials. Accordingly, the hearing officer did not deny this evidence to Salazar. Indeed, it does not appear from the record that the alleged exculpatory statement had been given to Officer Bent at the time of the hearing.

This Court also concluded that Salazar did not raise this alleged statement in his administrative appeal. Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State. The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *O'Donnell v. Davis*, 115 Fed. Appx. 869, 871 (7th Cir. 2004); *Markham v. Clark*, 978 F.2d 993. 995 (7th Cir. 1992). To obtain federal habeas review, a prisoner must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002) ("[T]he prisoner had the information about the alleged relationship between the committee member and the witness before he filed his administrative appeal, yet failed to advise the appellate tribunal, thus forfeiting his right to urge it as a ground for obtaining relief in a federal habeas corpus proceeding").

In his motion to correct error, Salazar argues that a habeas petitioner can overcome a procedural default through a showing of cause and prejudice. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse

3

procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

Salazar argues that the objective factor external to the defense in this case was that he did not become aware of the allegedly exculpatory note until after he initiated his administrative appeals process. The hearing was conducted on February 18, 2011 (DE 12-7). In his motion to correct error, Salazar states that he "did not become aware of this exculpatory evidence until March 5, 2011 (DE 23 at 4). But Salazar's final appeal was not denied until March 31, 2011 (DE 12-9). Accordingly, Salazar was aware of the statement twenty-four days before his final appeal was decided, and he therefore could have added the claim to his appeal.

In ground three of his petition, Salazar asserts that the hearing officer found him "guilty and or sanctioned him disparately based on his color or race alone" (DE 1 at 5) in violation of the Fourteenth Amendment's equal protection clause. Salazar states that he is a Mexican-American and that two Anglo inmates, who were charged with the same offense as he was, and appeared before the same hearing officer as he did, but pled guilty received a lesser sanction than he did (*Id.*).

Salazar does not suggest that the hearing officer found him guilty only because of his race; indeed he states that the two Anglo inmates were also found guilty. Salazar does, however, assert that he received a stiffer sanction than the two inmates who pled guilty. The Constitution does not require that all inmates found guilty of the same

4

offense receive identical sanctions, and this Court concluded in its order denying habeas relief that "a person who pleads not guilty, goes to trial, and receives a stiffer sentence than a person who pled not guilty to the same offense simply does not implicate the Constitution's Equal Protection Clause" (DE 6 at 6).

In his motion to correct error, Salazar argues that "the facts of the two Anglo inmates' case[s] presented overwhelming evidence of their guilt with no real defense to combat the charge, the Anglos pled guilty" (DE 23 at 7). This is merely a reiteration of the argument he presented in his traverse, which this Court found to be unconvincing, and continues to find unconvincing.

The Petitioner also argues that "a plea of guilty does not automatically mean that the offender will get a lesser sanction" and suggests that "the disparate treatment was the result of this difference is arbitrary" (DE 23-9). Salazar may be correct that a person who pleads guilty does not automatically receive a lesser sanction; but that does not mean that Salazar is entitled to relief because the two inmates he cites as examples pled guilty and received lesser sanctions than he did. The Constitution does not require that all prisoners charged with the same offense receive the same sanction, and a mere inconsistency in the operation of a prison does not, in itself, constitute a denial of equal protection. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

Moreover, statistical data alone would not prove an equal protection violation, since such a claim requires proof of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976); *see also David K. v. Lane*, 839 F.2d 1265, 1272 (7th Cir. 1988) (even

if prison policies had a disproportionate impact on white inmates, an equal protection claim by white prisoners failed because they presented no evidence that officials harbored a discriminatory intent); *See Shango v. Zurich*, 681 F.2d at 1104 (finding that an inmate "must demonstrate intentional or purposeful discrimination" to show equal protection violation); *see also Hester v. McBride*, 966 F.Supp. 765, 774 (N.D. IND 1997) (To show an equal protection violation, "Hester must establish that the prison acted with an intentional or purposeful discriminatory motive when sanctioning him in order to prevail on his claim").

Salazar is correct that prison officials may not impose disciplinary action for arbitrary reasons, but the protections against such arbitrary action are the due process protections afforded by *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . the protection from such arbitrary action is found in the procedures mandated by due process."). Salazar simply has not established a violation of his rights under *Wolff v. McDonnell*.

For the foregoing reasons, the court DENIES the Petitioner's motion to correct error (DE 23).

SO ORDERED on December 20, 2012

       s/William C. Lee
       William C. Lee, Judge
       United States District Court